**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr>
<td>

*In re* Grand Jury Subpoenas

</td>
<td>

Case No. 1:26-mc-00012-JEB

**FILED UNDER SEAL**

</td>
</tr>
</table>

## BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM'S RESPONSE IN OPPOSITION TO THE U.S. ATTORNEY'S OFFICE'S MOTION TO VACATE

Jeffrey S. Bucholtz (Bar ID 452385)
JBucholtz@kslaw.com
Robert K. Hur (Bar ID 496269)
RHur@kslaw.com
Leah B. Grossi (Bar ID 1024022)
LGrossi@kslaw.com
Nicholas A. Mecsas-Faxon (Bar ID 1779269)
NMecsas-Faxon@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

Andrew Z. Michaelson (*pro hac vice*)
AMichaelson@kslaw.com
KING & SPALDING LLP
1290 Avenue of the Americas
14th Floor
New York, NY 10104
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

*Attorneys for the Board of Governors of the*
*Federal Reserve System*

This Court issued well-reasoned opinions quashing two grand jury subpoenas (the "Subpoenas") that the U.S. Attorney's Office ("USAO") issued to the Board of Governors of the Federal Reserve System (the "Board"), ECF 23, and denying the USAO's motion for reconsideration, ECF 33. The USAO recently announced that it had closed the investigation in which it had issued the Subpoenas, and it now has filed a Motion to Vacate ("Mot."), ECF 35, asking this Court to strike its opinions and orders from the books because the investigation's closure has mooted any appeal. The USAO is correct that its decision to close its investigation has rendered any potential appeal moot: the former controversy between the parties over the enforceability of the Subpoenas is now over. But under binding precedent, vacatur is generally inappropriate where the losing party voluntarily renders the case moot, as the USAO did here by closing its investigation, and then asks a court to erase its loss because of its voluntarily created mootness. There is no sound reason to depart from the rule against vacatur for voluntary mootness, so the Board respectfully requests that the Court deny the Motion.

The Board agrees with the USAO that any appeal from this Court's orders quashing the Subpoenas and denying reconsideration should "be dismissed as moot" because "even in the event of a successful appeal to the D.C. Circuit, the United States cannot obtain meaningful relief because the investigation has closed." Mot. 2; *see also* US Attorney Pirro (@USAttyPirro), X (Apr. 24, 2026, at 10:11 ET), https://tinyurl.com/yc2w9dhw (announcing investigation was being closed). The closure of the investigation underlying the Subpoenas means that "the issues presented are no longer 'live,'" and the D.C. Circuit would lack jurisdiction over an appeal. *Munsell v. Dep't of Agric.*, 509 F.3d 572, 581 (D.C. Cir. 2007); *see also Shell Energy N. Am. (US), L.P. v. FERC*, 107 F.4th 981, 993 (D.C. Cir. 2024) (explaining that Article III jurisdiction extends only to "actual, ongoing controversies").

1

This Court should not, however, vacate its opinions and orders quashing the Subpoenas and denying reconsideration. The USAO accepts that courts "may decline to vacate an opinion when mootness has resulted due to the deliberate action of the non-prevailing party." Mot. 5–6. That significantly understates the law: the Supreme Court and the D.C. Circuit have instructed that "vacating is inappropriate when the appellant 'caused the mootness by voluntary action.'" *Planned Parenthood of Wisc., Inc. v. Azar*, 942 F.3d 512, 519 (D.C. Cir. 2019) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24–25 (1994)); *accord Am. Bar Ass'n v. FTC*, 636 F.3d 641, 649 (D.C. Cir. 2011). That rule makes sense: "The decision to vacate reflects equity practice," *Planned Parenthood of Wisc.*, 942 F.3d at 519, and where "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal," it "surrender[s] [its] claim to the equitable remedy of vacatur," *U.S. Bancorp Mortg.*, 513 U.S. at 25. This ensures that litigants cannot "manipulate the judicial system by rolling the dice in the district court and then washing away any unfavorable outcome" through voluntary action and vacatur. *Am. Bar Ass'n*, 636 F.3d at 649.

That rule against vacatur applies here, as the USAO—the non-prevailing party and would-have-been appellant—"caused the mootness" by its "voluntary" closure of its investigation. *Planned Parenthood of Wisc.*, 942 F.3d at 519. The USAO concedes the premise: "To be sure, the United States Attorney's decision to close the grand-jury investigation has precipitated the mootness concerns in this case." Mot. 5. After unsuccessfully "rolling the dice" by litigating in this Court, *Am. Bar Ass'n*, 636 F.3d at 649, the USAO could have appealed had it wished to challenge this Court's reasoning and findings. Instead, it chose to close its investigation. At the time it did so, the "judgment [was] not unreviewable, but simply unreviewed by [the USAO's]

2

own choice." *U.S. Bancorp Mortg.*, 513 U.S. at 25. Vacatur is thus "inappropriate." *Planned Parenthood of Wisc.*, 942 F.3d at 519.[1]

The USAO asserts that three considerations justify vacatur despite voluntary mootness. But an exception to the rule against vacatur for voluntary mootness requires "exceptional circumstances," *see Samma v. Dep't of Def.*, 136 F.4th 1108, 1115 (D.C. Cir. 2025) (emphasis added), and none of the USAO's arguments clears that high bar.

*First*, the USAO insists that vacatur is "especially appropriate where a published decision in a moot case addresses important constitutional issues." Mot. 4. The USAO points to two constitutional issues—separation of powers and the President's First Amendment rights— purportedly "implicate[d]" by this Court's decision. Mot. 4, 5. But the Court's decisions in this case do not contain holdings on any disputed constitutional issues. The USAO never challenged the dominant purpose test on constitutional or any other grounds, never argued that this Court's supervision of the grand jury offended the separation of powers, and never pressed the novel First Amendment theory it now floats. This contrasts with the USAO's cited cases, in which the opinions sought to be vacated squarely resolved contested constitutional issues. *See Clarke v. United States*, 915 F.2d 699, 708 (D.C. Cir. 1990) (en banc) (whether a funding condition violated the First Amendment); *Matter of City of El Paso*, 887 F.2d 1103, 1106 (D.C. Cir. 1989) (whether the Speech or Debate Clause barred subpoenas to legislators). Because the Court's ruling broke

---

[1] To the extent the USAO suggests that the expiration of the grand jury term would alone moot this case, Mot. 2, that is incorrect. The "capable-of-repetition-yet-evading-review" exception to mootness typically applies in cases involving expiring grand juries where the prosecutor will continue an ongoing investigation with a new grand jury. *See, e.g.*, *Trump v. Mazars USA, LLP*, 39 F.4th 774, 787 (D.C. Cir. 2022). It was thus the USAO's voluntary closure of its investigation that truly rendered this controversy moot, as the USAO concedes. *See* Mot. 5.

3

no new ground on separation of powers or the First Amendment, the USAO's appeal to constitutional avoidance is misplaced.

In any event, constitutional avoidance does not qualify as the sort of "exceptional circumstance" that could justify vacatur where the non-prevailing party caused the mootness. In each of the cases cited by the USAO, mootness resulted from external events and not the deliberate and voluntary action of the non-prevailing party seeking vacatur. *See Clarke*, 915 F.2d at 700, 705 (expiration of challenged appropriations statute); *City of El Paso*, 887 F.2d at 1104, 1106 (trial court dismissal of related case). Indeed, the D.C. Circuit in *Clarke* recognized that "vacatur of a decision that becomes moot after issuance is inappropriate where mootness results from a deliberate act of the losing party rather than 'by happenstance,'" but explained that this rule was "inapplicable" because the mooting event there—the lapse of an appropriations statute—"cannot be considered voluntary cessation or 'compliance' with the panel decision." 915 F.2d at 707. That is, where "happenstance" moots the case, avoiding resolution of a contested constitutional issue may serve as further support for vacating the decision. But the bare fact that a case may implicate constitutional issues is not an "exceptional circumstance" that excuses a party from the consequences of its own decision to walk away after losing. Were it so, every litigant that lost a constitutional ruling would have a ready-made escape hatch: abandon the appeal, moot the case, then ask the court to erase the loss. That is not the law, and for good reason.

Though a motion to vacate for mootness is not the place to litigate the USAO's newly raised constitutional arguments, they are also without merit. Regarding the separation of powers, the USAO asserts that grand jury investigations are the "special province" of the Executive, Mot. 4, but ignores that the Supreme Court has held that courts have supervisory authority over grand juries. The subpoena power may be broad, but it is "not unlimited and [is] subject to the

4

supervision of a judge." *Branzburg v. Hayes*, 408 U.S. 665, 688 (1972).  Motions to quash subpoenas "function[] as a key mechanism to ensure that the grand jury is not 'misused' by the Department of Justice." *In re Grand Jury Subpoenas to Off. of N.Y. State Att'y Gen.*, 2026 WL 60793, at *10 (N.D.N.Y. Jan. 8, 2026) (citation omitted), *appeal docketed*, 2d Cir. No. 26-156. That the USAO dislikes the result the Court reached here is not an "exceptional circumstance" warranting vacatur.

The USAO's First Amendment argument is even further afield.  Nothing in this Court's opinions prevents the President from aggressively—even inappropriately—criticizing the work of others in the government.  The Court did not curb the President's speech; it merely reaffirmed the decades-old rule—agreed to by the USAO in its briefing and at oral argument—that federal prosecutors may not abuse the grand jury process by issuing subpoenas when the dominant purpose for doing so is improper, as a "mountain of evidence" showed that it was here, ECF 23 at 26.  As for using the President's words as evidence of the Subpoenas' purpose, in this context and others "[t]he First Amendment … does not prohibit the evidentiary use of speech … to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993).  And the USAO never disputed that a dominant purpose to dictate interest rates would be improper given Congress's clear delegation of authority to the Federal Reserve to decide monetary policy based on the merits and free from political dictates.  *See* ECF 13 at 3–4, 15–16.

*Second*, the USAO asserts that it closed its investigation for "prudential considerations," deferring to an ongoing review by the Federal Reserve Board's Office of the Inspector General (OIG), and that denying vacatur would "deter" similar "good faith" actions in the future.  Mot. 7. The OIG, however, began its current review in July 2025, four months *before* the USAO opened its investigation, and the OIG did so at the behest of Chair Powell himself.  *See* ECF 33 at 4

(reconsideration opinion recognizing this and citing ECF No. 5-4 at 4).  The Board stressed this fact during briefing.  ECF 27 (Motion to Quash Reply) at 13; ECF 31 (Motion for Reconsideration Opposition) at 8.  Yet the USAO ignored the ongoing OIG review until after the Court quashed the Subpoenas and denied reconsideration.  The USAO now correctly notes the "risks," "potential problems," and "unwarranted duplication of effort" caused by "the existence of parallel criminal and Inspector General investigations."  Mot. 7.  But the thirteenth-hour nature of the USAO's acknowledgment of such problems—only after the USAO lost in this Court—makes it hard to swallow the argument that "[e]quitable principles" warrant an exception to the rule against vacatur for voluntary mootness, Mot. 7.  Indeed, the USAO's belated recognition that the proper way to proceed is to allow the OIG to conduct its work only underscores the pretextual nature of the criminal investigation launched to sidestep that process and to pressure and harass the Board and Chair Powell.

In any event, the USAO only cites cases where courts found that good-faith changes to *government policy* favor vacatur when they moot associated litigation.  *See* Mot. 6–7 (citing *Board of Regents of the Univ. of Texas Sys. v. New Left Educ. Project*, 414 U.S. 807 (1973) (university rule); *Innovation L. Lab v. Mayorkas*, 5 F.4th 1099, 1100 (9th Cir. 2021) (Migrant Protection Protocols); *Biden v. Sierra Club*, 142 S. Ct. 46 (2021) (border-wall construction)).  In contrast, the event mooting this case was not some policy decision of broad applicability.  It was, rather, a voluntary decision by *this* USAO to close the *specific* investigation that gave rise to this dispute.

*Third*, the USAO asserts that Chair Powell and the Board will not be prejudiced by vacatur. The USAO is inconsistent on this point; it says that vacatur is warranted because it will "clear[] the path for future relitigation of the issues between the parties," yet it also suggests that vacatur would not prejudice Chair Powell and the Board because their rights would be "preserve[d]."  Mot.

6

8.  Inconsistency aside, it is impossible to credit the USAO's suggestion that pretending this Court never issued its opinions finding that the USAO had a dominant improper purpose should make no difference to Chair Powell or the Board.  That is especially true given the USAO's telling reference to potential "future relitigation" of this dispute.  *See id.*  Moreover, the USAO does not cite any case where the non-prevailing party voluntarily caused mootness and then successfully obtained vacatur based on a lack of prejudice.  In fact, the USAO's reasoning could apply to *every* case where the losing party gives up, so this "circumstance[]" is closer to universal than to "exceptional," *Samma*, 136 F.4th at 1115.  Accepting the USAO's logic here would create an exception that swallows the rule that "vacating is inappropriate when the appellant 'caused the mootness by voluntary action.'"  *Planned Parenthood of Wisc., Inc.*, 942 F.3d at 519.

## CONCLUSION

For these reasons, the Board respectfully requests that this Court deny the USAO's Motion to Vacate.

Dated: Washington, D.C.
May 8, 2026

Respectfully submitted,


 */s/ Robert K. Hur*
Jeffrey S. Bucholtz (Bar ID 452385)
JBucholtz@kslaw.com
Robert K. Hur (Bar ID 496269)
RHur@kslaw.com
Leah B. Grossi (Bar ID 1024022)
LGrossi@kslaw.com
Nicholas A. Mecsas-Faxon (Bar ID 1779269)
NMecsas-Faxon@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

Andrew Z. Michaelson (*pro hac vice*)
AMichaelson@kslaw.com
KING & SPALDING LLP
1290 Avenue of the Americas
14th Floor
New York, NY 10104
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

*Attorneys for the Board of Governors of the
Federal Reserve System*

8

## CERTIFICATE OF SERVICE

I hereby certify that, on May 8, 2026, I caused the foregoing Response in Opposition to the U.S. Attorney's Office's Motion to Vacate to be filed with the Clerk for the U.S. District Court for the District of Columbia using the Court's online ECF system. I further certify that I caused the same to be served via e-mail, in accordance with the parties' written consent, on the following members of the United States Attorney's Office for the District of Columbia:

G. A. Massucco-LaTaif, Assistant U.S. Attorney
George.Massucco@usdoj.gov

Gregg Maisel, Assistant U.S. Attorney
Gregg.Maisel@usdoj.gov

Timothy Cahill, Assistant U.S. Attorney
Timothy.Cahill@usdoj.gov

Carlton J. Davis, Special Counsel
carlton.davis@usdoj.gov

Steven Vandervelden, Special Counsel
steven.vandervelden@usdoj.gov

/s/ Robert K. Hur
Robert K. Hur