**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**In re Grand Jury Subpoenas**                    **:**     **Miscellaneous Action No. 26-12 (JEB)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### Motion for Leave To File *Amicus* Brief in Opposition to Motion To Vacate

Pursuant to Local Civil Rule 7(o), Jeremy Bates moves for leave to file an *amicus* brief in opposition to the Motion of the United States To Vacate Memorandum Opinions on Mootness Grounds, ECF 35.  Bates is a New York lawyer admitted to the bar of this Court.

On April 19, 2026, Bates filed a derivative complaint alleging that the U.S. Attorney for the District of Columbia, Jeanine F. Pirro, has committed legal malpractice by engaging in an improper campaign to pressure the Federal Reserve Board.  *Bates derivatively on behalf of the United States* v. *Trump* et al., No. 1:26-cv-01328-TSC (D.D.C.).

Exhibit C to that derivative complaint is (i) this Court's Memorandum Opinion granting the Board's motion to quash the subpoenas at issue in this case, together with (ii) this Court's Order denying the motion of the United States for reconsideration.  *See id*.

On Wednesday, April 22, 2026, Bates e-mailed a copy of that derivative complaint, with exhibits, to the Civil Process Clerk of the U.S. Attorney's Office, which confirmed receipt by an e-mail on Friday, April 24, 2026.  Also on April 24, 2026, at least according to the memorandum in support of the motion to vacate, "the United States Attorney announced her intention to close the grand-jury investigation in the above-captioned case."  ECF 35 ¶ 3.

On Monday, May 4, 2026, "the United States of America, by and through its attorney, the United States Attorney for the District of Columbia," ECF 35 at 1, moved this Court to vacate the same memorandum opinions that are Exhibit C in the derivative action.  Loudly

-1-

relying on the presumption of regularity often accorded good-faith government officials, and wrapping itself in a cloak of faithful execution and the constitutional separation of powers, the United States asserted that "equity favors vacatur because the decision to close the grand-jury investigation stems from prudential considerations" and that vacatur would preserve the rights of all parties (presumably including the United States) and prejudice none. *Id*. at 4–5, 7, 8.

Nowhere in ECF 35 did the United States disclose to this Court the pendency of the derivative action on behalf of the United States against U.S. Attorney Pirro, based in part on the same opinions that the United States, through U.S. Attorney Pirro, now seeks to vacate.

The foregoing may suffice to describe the interests of the United States that have not been mentioned by the United States in urging vacatur.  But if the Court were to require any further substantiation of the foregoing facts, any elucidation of their relevance to the motion of the United States to vacate for "mootness," or any detailed explication of their implications for the role of U.S. Attorney Pirro in this case, then the Court may wish to grant this motion.

At 8:17 a.m. ET today, Bates e-mailed counsel of record a draft of this motion and requested party positions by 5:30 p.m. today.  The Board responded that it takes no position. As of 5:31 p.m., the United States has not responded.

Dated:  New York, New York
        May 8, 2026

Respectfully submitted,

*/s/ Jeremy Bates*

_____
Jeremy Bates (D.D.C. Bar ID NY0579)
(not admitted to the District of Columbia Bar)
21 West Street Apt. 21J
New York, New York 10006
917-626-2473
jeremybates3@gmail.com