**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re Grand Jury** | : | |
| **Investigation** | : | |
| | : | **No. 26-mc-12 (JEB)** |
| | : | |

**REPLY OF THE UNITED STATES TO BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM'S OPPOSITION TO THE MOTION TO VACATE MEMORANDUM OPINIONS ON MOOTNESS GROUNDS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following reply to the Board of Governors of the Federal Reserve System's Response in Opposition to the U.S. Attorney's Office's Motion to Vacate. In support of this reply, the United States submits the following points and authorities:

Relying upon *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994), the Board of Governors of the Federal Reserve System ("the Board") argues that "[t]here is no sound reason to depart from the rule against vacatur for voluntary mootness" (Response in Opposition ("Opp.") at 1). However, there is no hard-and-fast "rule" against vacatur when a case becomes moot under these circumstances.

First, the district court's broad equitable powers allow greater flexibility to vacate its decisions, especially interlocutory orders at the early stage of a case. In *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998), the Ninth Circuit explained that, even after

*Bancorp,* "a district court may vacate its own decision in the absence of extraordinary circumstances." Unlike an appellate court, a district court may invoke Fed. R. Civ. P. 60 and "can decide whether to vacate its judgment in light of the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes." *Id*. (internal citations and quotation marks omitted). *See also, e.g., Cammermeyer v. Perry*, 97 F.3d 1235, 1239 (9th Cir. 1996) (although appellate court denied vacatur, "the district court is not precluded by our denial from vacating its own judgment after an independent review of the equities"); *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003 (7th Cir. 2007) ("We agree with the court in *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168–69 (9th Cir. 1998), that on remand the district court would not be cabined by the 'exceptional circumstances' test."). *But cf. Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116-21 (4th Cir. 2000) (*Bancorp*'s "exceptional circumstances" test applies to vacatur in the district court).

Second, even if the *Bancorp* principles apply to a district court's exercise of its equitable powers, *Bancorp* does not militate against vacatur here. The Board incorrectly asserts that *Bancorp* imposes a "high bar" for vacatur (Opp. at 3). To the contrary, the D.C. Circuit has recognized that "*Bancorp* does not erect a categorical bar to vacatur when voluntary action moots the case; instead, courts must apply equitable principles flexibly." *Samma v. Dep't of Def.,* 136 F.4th 1108, 1115 (D.C. Cir. 2025) (citing *Acheson Hotels LLC v. Laufer*, 601 U.S. 1, 18-19 (2023) (Jackson, J., concurring)). Indeed, as the Board acknowledges (Opp. at 3), courts have vacated judgments when doing so was in the public interest, even where mootness was caused by the non-prevailing party. *See, e.g., Calvary Albuquerque Inc. v. Rubio*, 154 F.4th 1246, 1250 (10th Cir. 2025) (court exercised its equitable discretion to vacate where Calvary, the non-prevailing plaintiff, later

obtained an R-1 visa that mooted the appeal; actions by Calvary and other government agencies led to the visa, and "dismissal for mootness without vacatur would leave a divided panel opinion and our judgment in place, which may have a preclusive effect without Calvary's having had the opportunity to receive a ruling on its petition for rehearing en banc or to seek Supreme Court review").

The Board attempts to distinguish the cases in support of vacatur cited in the Motion of the United States to Vacate (Mot. at 6-7) on the ground that those cases involved "good-faith changes to *government policy*" rather than a decision pertaining to "the *specific* investigation that gave rise to this dispute" (Opp. at 6). The Board's distinction is an illusory one, especially when the government is a party to the case. Unlike private parties, the United States must weigh the public interest as part of the calculus in any litigation, whether the case involves broad policy claims or a single grand-jury investigation. As part of this responsibility, the United States must occasionally change its underlying policies and litigation positions where competing public-interest concerns warrant doing so. However, adopting the Board's strict view of the vacatur remedy would encourage government litigants to stick to the initial litigation position just to avoid adverse precedent that it might otherwise appeal. Put differently, the Board's strict view of vacatur would spawn needless appellate litigation and prolong disputes. Thus, courts have vacated decisions when the government, as the non-prevailing party, took actions that mooted the case, where those actions were taken in the public interest. *See, e.g.*, *Motta v. Dist. Dir. of I.N.S.,* 61 F.3d 117, 118-19 (1st Cir. 1995) (granting vacatur of district court decision where parties settled the case at the court's own suggestion; "[h]ere, the INS, as a repeat player before the courts, is primarily concerned with the precedential effect of the decision below. If that decision stands, all possibility of a settlement is eliminated. If it is vacated, the appellee acquires the absolute certainty of not

being deported, while the government saves the costs and risk of litigation — a win for both sides."); *McClendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996) (although defendant prison officials' actions in creating adequate temporary space and opening a new facility mooted the appeal, the court vacated the district court's order because "complying with the settlement agreement constitutes responsible governmental conduct to be commended").

The equities weigh in favor of vacatur here. As discussed in the Motion to Vacate, the United States Attorney decided to close the grand-jury investigation to facilitate a speedier inquiry into the renovations at the Board's headquarters and avoid any possible complications arising from the grand jury's secrecy rules. Although the Board's Office of the Inspector General (OIG) opened its investigation before the grand-jury inquiry in this case, this chronology does not call into question the government's good faith (Opp. at 6). Rather, the existence of an OIG investigation undercuts the Board's claim that the billion-dollar cost overruns in the headquarters renovation project did not justify closer scrutiny by an independent third-party.

Finally, the public interest is not served by leaving in place the court's order quashing these subpoenas and finding that the United States opened a grand-jury investigation to "harass and pressure" Chairman Powell. The decision to quash the subpoenas in this case was highly unusual and without precedent. Leaving such a ruling to stand, without review by the appellate court, would not advance the public interest, especially where the court's decision touches upon difficult constitutional questions. Accordingly, the United States respectfully requests this Court to vacate the memorandum opinion and orders in this matter. *See generally Camreta v. Greene*, 563 U.S. 692, 713 (2011) ("The point of vacatur is to prevent an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by what we have called a 'preliminary' adjudication.") (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40-41 (1950)).

**Conclusion**

WHEREFORE, the United States respectfully requests that this Court vacate the memorandum opinions and orders issued in the above-captioned case on mootness grounds.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

G.A. Massucco-LaTaif
Assistant United States Attorney

/s/
Steven Vandervelden
N.Y. Bar # 2191542
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Steven.Vandervelden@usdoj.gov
(202) 252-7170

**Certificate of Service**

I HEREBY CERTIFY that I have caused a copy of the foregoing to be served by electronic means, through the Court's EFS system, upon counsel for the opposing parties on this 11th day of May 2026.

_____/s/_____

Steven Vandervelden

Assistant United States Attorney